HEIRS OF LEON DENENA
v.
COMMUNICATION, SPLICING AND ENGINEERING CO., INC.,
Appellant
and
THE GOVERNMENT INSURANCE FUND,
Appellee

D.C. Civil Action No. 278-1970

United States Court of Appeals

Third Circuit

Argued January 31, 1973

Filed March 1, 1973

ALEXANDER A. FARRELLY, ESQ. (BIRCH, DEJONGH & FARRELLY), St. Thomas, V.I., *counsel for appellant*

HENRY L. FEUERZIEG, ESQ., Assistant Attorney General, St. Thomas, V.I., *counsel for appellee*

Before VAN DUSEN, ROSENN and HUNTER, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

Communication, Splicing and Engineering Company, Inc., appeals from a district court judgment affirming a decision of the Commissioner of Labor of the Virgin Islands requiring it to reimburse the Government Insurance Fund for a workmen's compensation award and, in addition, to pay a thirty percent penalty, pursuant to the provisions of 24 V.I.C. § 261(a).

The important facts in this case are not in dispute. Appellant, as a Virgin Islands employer, is subject to the workmen's compensation laws found in 24 V.I.C. §§ 251–285. Section 272(b) sets forth the requirements for coverage of an employee, and section 273(c) provides for payment of the annual premium in two separate installments on or before March 31 and June 30 of the year in which it is due. Thus, an employer may delay full payment for several months after filing and still remain insured.

On February 6, 1969, appellant filed a report on wages paid for the previous year and estimated wages for 1969. No part of the 1969 premium was paid during 1969, however, despite the installment dates mentioned above. On February 6, 1970, an employee named Leon Denena was electrocuted in the course of his work. After awarding $10,000.00 to Denena's heirs, the Commissioner of Labor, by an authorized deputy, assessed the award and a thirty percent penalty against appellant upon finding that the company was uninsured at the time of the accident. This action occurred on July 1, 1970. The delinquent premium had finally been paid on February 27, 1970.

Appellant's principal argument on this appeal is that the district court erred in affirming the Commissioner's decision because the doctrine of estoppel should have been applied against the government under the facts of this case. The district court agreed that prior to 1969 the custom had been for the Commissioner of Finance to assess workmen's compensation premiums after receiving a company's wage statement. This procedure was apparently changed in 1969, but the 1970 forms which were completed by appellant still recited the old procedure. Appellant maintains that its failure to pay was excusable since it expected to receive a bill, and it contends that the government should therefore be estopped from finding appellant uninsured and from ordering reimbursement of the award paid to Denena's heirs and imposing the thirty percent penalty. The district court rejected this argument on the ground that appellant was negligent in failing to request a bill some time before the next year's premium became due.

After carefully considering the briefs, oral argument and the district court opinion, we conclude that no error was committed. The doctrine of estoppel is not often permitted against a government,[1] and it cannot be suc-

---

[1] See, e.g., In re Hooper's Estate, 359 F.2d 569, 577–578 (3d Cir. 1966).

cessfully asserted here where the 1969 premium was not paid until after the accident in question at which time this premium was many months overdue.

Appellant's second contention is a request that if this court affirms the district court, we should remand the case with instructions to order reimbursement to appellant of the amount of his 1969 premium. Appellant's theory is that the government should not be reimbursed for the award and also be allowed to keep the premium. The government concurred in this request at oral argument, and we agree that it is both fair and correct.

Accordingly, we affirm the judgment of the district court as modified, and we remand this case to the district court so that it can determine through appropriate proceedings the exact sum of money which should be credited to appellant.